UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.M., individually and on behalf of S.M.,

    *Plaintiff*,

- against -

New York City Department of Education

    *Defendant*.

COMPLAINT

Case No. 1:20-cv-02394

---

S.M., individually and on behalf of S.M., a child with a disability, for her complaint hereby alleges:

1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

2. At all times relevant to this action, Plaintiff S.M. and her daughter S.M. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

3. Plaintiff S.M. is the parent of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes,

regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5.  Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6.  Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7.  By letter dated June 10, 2019, Plaintiff S.M. requested a due process hearing on behalf of S.M. pursuant to 20 U.S.C. §1415(f)(1).

8.  Plaintiff S.M. sought a determination that the Department had denied her daughter a free appropriate public education, an order for compensatory educational services, and such other relief as the impartial hearing officer would determine to be fair and just.

9.  Impartial Hearing Officer ("IHO") Helene Peyser was assigned to the case.

10.  An impartial hearing was conducted on January 14, 2020.

11.  Following the close of hearing, the IHO issued a decision ("IHO Decision") dated February 4, 2020.

12. The IHO found that the Department had denied the student a free appropriate public education for the 2018-2019 school year and ordered the Department to provide direct funding to the Pathway Study Center for tuition for the 2018-2019 school year in an amount no greater than $62,880.80; and reimburse S.M. for payments made towards tuition at Pathway Study Center for the 2018-2019 school year at a cost no greater than $500.

13. Neither party appealed the decision of the IHO.  Thus, the decision is final.

14. Plaintiff is a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiff repeats and realleges paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiff has submitted to the Department a request for payment for services rendered ("attorney fee claim").

17. Plaintiff has attempted, without success, to resolve the attorney fee claim.

18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19. Plaintiff hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion.  Thus, Plaintiff demands prejudgment interest.

**SECOND CAUSE OF ACTION**

21.  Plaintiff repeats and realleges paragraphs 1 through 20 as if more fully set forth herein.

22.  Plaintiff hereby demands reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)  Assume jurisdiction over this action;

(2)  Award to the Plaintiff costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3)  Award to Plaintiff the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4)  Grant such other and further relief as the Court deems just and proper.

Dated: March 18, 2020
New York, New York

Respectfully,

*/s/ Adam Dayan*

_____
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiff*
Law Offices of Adam Dayan, PLLC
222 Broadway, 19th Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com